AF Approval _____   Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:18-cr-493-T-35AAS

BOBBY OSBORNE

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of Florida,

and the defendant, Bobby Osborne, and the attorney for the defendant, David

Little, Esquire, mutually agree as follows:

### A.   Particularized Terms

1.   Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment, which charges the defendant with conspiracy to possess a mixture

and substance containing 50 grams or more of methamphetamine, a Schedule II

controlled substance, with the intent to distribute it, in violation of 21 U.S.C.

§§ 846 and 841(b)(1)(A).

Defendant's Initials _____

2.   <u>Minimum and Maximum Penalties</u>

Based on the "Information and Notice of Prior Conviction Under 21 U.S.C. § 851" filed by the United States pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, *see* Doc. 38, Count One is punishable by a mandatory minimum term of imprisonment of fifteen years, a maximum sentence of life imprisonment, a fine not to exceed $20 million, a term of supervised release of at least ten years up to life, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.   *Alleyne v. United States* and *Apprendi v. New Jersey*

Under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a minimum sentence of 10 years of imprisonment and a maximum sentence of life imprisonment may be imposed on Count One because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant conspired to possess a mixture or substance containing 50 grams or more of methamphetamine, a Schedule II controlled substance, with the intent to distribute it, and the defendant committed

Defendant's Initials _____        2

the violation after earning a prior conviction for a serious drug felony that has become final.

4.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:    Two more people in some way agreed to try to accomplish a shared and unlawful plan to possess a mixture or substance containing 50 grams or more of methamphetamine, a Schedule II controlled substance, with the intent to distribute it; and

Second:    The defendant knew the unlawful purpose of the plan and willfully joined in it.

5.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials                 3

7.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials _____        4

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea

Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.5., the United States agrees to file a motion

pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.

The defendant understands that the determination as to whether the defendant

has qualified for a downward adjustment of a third level for acceptance of

responsibility rests solely with the United States Attorney for the Middle District

of Florida, and the defendant agrees that the defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise.

9.   Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the

investigation and prosecution of other persons, and to testify, subject to a

prosecution for perjury or making a false statement, fully and truthfully before

any federal court proceeding or federal grand jury in connection with the charges

in this case and other matters, such cooperation to further include a full and

complete disclosure of all relevant information, including production of any and

all books, papers, documents, and other objects in defendant's possession or

control, and to be reasonably available for interviews which the United States

may require.  If the cooperation is completed prior to sentencing, the government

agrees to consider whether such cooperation qualifies as "substantial assistance"

Defendant's Initials _____     5

in accordance with the policy of the United States Attorney for the Middle
District of Florida, warranting the filing of a motion at the time of sentencing
recommending (1) a downward departure from the applicable guideline range
pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory
minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation
is completed subsequent to sentencing, the government agrees to consider
whether such cooperation qualifies as "substantial assistance" in accordance with
the policy of the United States Attorney for the Middle District of Florida,
warranting the filing of a motion for a reduction of sentence within one year of
the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the
defendant understands that the determination as to whether "substantial
assistance" has been provided or what type of motion related thereto will be filed,
if any, rests solely with the United States Attorney for the Middle District of
Florida, and the defendant agrees that defendant cannot and will not challenge
that determination, whether by appeal, collateral attack, or otherwise.

    10.    Use of Information - Section 1B1.8

        Pursuant to USSG §1B1.8(a), the United States agrees that no self-
incriminating information which the defendant may provide during the course of
defendant's cooperation and pursuant to this agreement shall be used in

Defendant's Initials _____        6

determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.   Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

Defendant's Initials _____        7

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this

Defendant's Initials                     8

agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.

Defendant's Initials                     9

The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials _____        10

The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of



responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**B.     Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance

with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials _____                13

the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse,

Defendant's Initials _____     14

dependent, nominee or other third party.  The defendant further agrees to execute

any documents requested by the United States needed to obtain from any third

parties any records of assets owned by the defendant, directly or through a

nominee, and, by the execution of this Plea Agreement, consents to the release of

the defendant's tax returns for the previous five years.  The defendant similarly

agrees and authorizes the United States Attorney's Office to provide to, and

obtain from, the United States Probation Office, the financial affidavit, any of the

defendant's federal, state, and local tax returns, bank records and any other

financial information concerning the defendant, for the purpose of making any

recommendations to the Court and for collecting any assessments, fines,

restitution, or forfeiture ordered by the Court.  The defendant expressly

authorizes the United States Attorney's Office to obtain current credit reports in

order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

     6.    <u>Sentencing Recommendations</u>

       It is understood by the parties that the Court is neither a party to nor

bound by this agreement.  The Court may accept or reject the agreement, or defer

a decision until it has had an opportunity to consider the presentence report

prepared by the United States Probation Office.  The defendant understands and

acknowledges that, although the parties are permitted to make recommendations

Defendant's Initials _____      15

and present arguments to the Court, the sentence will be determined solely by the

Court, with the assistance of the United States Probation Office.  Defendant

further understands and acknowledges that any discussions between defendant or

defendant's attorney and the attorney or other agents for the government

regarding any recommendations by the government are not binding on the Court

and that, should any recommendations be rejected, defendant will not be

permitted to withdraw defendant's plea pursuant to this plea agreement.  The

government expressly reserves the right to support and defend any decision that

the Court may make with regard to the defendant's sentence, whether or not such

decision is consistent with the government's recommendations contained herein.

    7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority

to impose any sentence up to the statutory maximum and expressly waives the

right to appeal defendant's sentence on any ground, including the ground that the

Court erred in determining the applicable guidelines range pursuant to the United

States Sentencing Guidelines, except (a) the ground that the sentence exceeds the

defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to

the United States Sentencing Guidelines; (b) the ground that the sentence exceeds

the statutory maximum penalty; or (c) the ground that the sentence violates the

Eighth Amendment to the Constitution; provided, however, that if the

government exercises its right to appeal the sentence imposed, as authorized by

18 U.S.C. § 3742(b), then the defendant is released from his waiver and may

appeal the sentence as authorized by 18 U.S.C. § 3742(a).

     8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of

the United States Attorney for the Middle District of Florida. It cannot bind other

federal, state, or local prosecuting authorities, although this office will bring

defendant's cooperation, if any, to the attention of other prosecuting officers or

others, if requested.

     9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in</u>

<u>camera</u>, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

     10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon any

discussions between the attorney for the government and the defendant and

defendant's attorney and without promise of benefit of any kind (other than the

concessions contained herein), and without threats, force, intimidation, or

coercion of any kind.  The defendant further acknowledges defendant's

Defendant's Initials _____     17

understanding of the nature of the offense or offenses to which defendant is

pleading guilty and the elements thereof, including the penalties provided by law,

and defendant's complete satisfaction with the representation and advice received

from defendant's undersigned counsel (if any).  The defendant also understands

that defendant has the right to plead not guilty or to persist in that plea if it has

already been made, and that defendant has the right to be tried by a jury with the

assistance of counsel, the right to confront and cross-examine the witnesses

against defendant, the right against compulsory self-incrimination, and the right

to compulsory process for the attendance of witnesses to testify in defendant's

defense; but, by pleading guilty, defendant waives or gives up those rights and

there will be no trial.  The defendant further understands that if defendant pleads

guilty, the Court may ask defendant questions about the offense or offenses to

which defendant pleaded, and if defendant answers those questions under oath,

on the record, and in the presence of counsel (if any), defendant's answers may

later be used against defendant in a prosecution for perjury or false statement.

The defendant also understands that defendant will be adjudicated guilty of the

offenses to which defendant has pleaded and, if any of such offenses are felonies,

may thereby be deprived of certain rights, such as the right to vote, to hold public

office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____     18

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

All of the events and facts described below occurred within the Middle District of Florida.

On August 1, 2017, co-defendants BOBBY OSBORNE and CHASTITY MCBRIDE worked together to acquire and sell one ounce of methamphetamine, a Schedule II controlled substance, to a confidential informant (CI), all while in the presence of an undercover law enforcement officer (UC). Specifically, the CI and UC drove to the house where OSBORNE and MCBRIDE live together and picked them up. The group of four then drove together to the home of OSBORNE and MCBRIDE's co-conspirator ("CC-1"), their methamphetamine supplier, who is supplied by a second co-conspirator ("CC-2"). MCBRIDE briefly entered CC-1's house, then returned to the car, announced that they were ready to conduct the methamphetamine transaction, and informed the CI of the price. Soon thereafter, OSBORNE entered CC-1's

Defendant's Initials _____                    19

house and exited with an ounce of methamphetamine, which he brought to the CI, who then handed money to OSBORNE to complete the transaction.

The CI informed OSBORNE that he wished to buy a larger quantity of methamphetamine soon. MCBRIDE expressed that this would be no problem and that she usually handles all of CC-2's business.

On August 3, 2017, OSBORNE and MCBRIDE again worked together to acquire and sell four ounces of methamphetamine, a Schedule II controlled substance, to the same CI, all while in the presence of the same UC. The group again met at OSBORNE and MCBRIDE's house before traveling to CC-1's house. OSBORNE went inside CC-1's house, acquired four ounces of methamphetamine, and brought it to the CI, who paid OSBORNE.

Laboratory testing reveals that the combined weight of the methamphetamine the CI purchased from OSBORNE and MCBRIDE on August 1, 2017 and August 3, 2017 was 138.85 grams.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

Defendant's Initials _____        20

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the
government and the defendant with respect to the aforementioned guilty plea and
no other promises, agreements, or representations exist or have been made to the
defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea
agreement has been read in its entirety by (or has been read to) the defendant and
that defendant fully understands its terms.

DATED this **24th** day of **May**, 2019.

MARIA CHAPA LOPEZ
United States Attorney


Bobby Osborne
Defendant

Michael M. Gordon
Assistant United States Attorney


David Little
Attorney for Defendant

5-28-19

James C. Preston, Jr.
Assistant United States Attorney
Deputy Chief, Violent Crimes and
Narcotics